**LYNCH v. AGWILINES, Inc., et al.**

**No. 18, Docket 21663.**

United States Court of Appeals Second Circuit.

Submitted Jan. 8, 1951.

Decided Feb. 6, 1951.

Foley & Martin, New York City (Christopher E. Heckman, New York City, of counsel), for appellant Annie M. Lynch.

Burlingham, Veeder, Clark & Hupper, New York City (Chauncey I. Clark, New York City, of counsel), for appellee Tug Eward S. Atwood, etc.

Haight, Deming, Gardner, Poor & Havens, New York City (Henry M. Hewitt, New York City, of counsel), for appellee Derrick Lighter Comrade, etc.

J. Vincent Keogh, U. S. Atty., Brooklyn, N. Y. (Leo J. Curren, New York City, of counsel), for appellant the United States.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

PER CURIAM.

Our opinion did not make any award of the costs and disbursements on appeal, but the mandate awarded costs to the United States, to Agwilines and to the Merritt-Chapman & Scott Corporation, leaving their incidence undetermined. The district judge very naturally refused to determine the incidence, and the parties have submitted the question by motion. We make the following disposition.

(1.) So much, if any, of the costs and disbursements on appeal of the United States as can be allocated to the impleading of the United States as joint tort-feasor, as contrasted with indemnitor, will be taxed against Agwilines;

(2.) All the costs and disbursements on appeal of Merritt-Chapman & Scott Corporation will be taxed against Agwilines;

(3.) The other costs and disbursements on appeal of the United States will be assessed against the libellant;

(4.) The costs and disbursements on appeal of Agwilines will also be assessed against the libellant.

Our reason for assessing Agwilines with any part of the cost of the United States is that it should have been plain

that the United States could not be charged as a tort feasor at the time when the impleading petition was filed; and it should also have been clear that Merritt-Chapman & Scott could not be held liable on the merits. These expenses are therefore properly chargeable to the impleading party. On the other hand when the libellant sued Agwilines, Agwilines had to choose whether to await the outcome of the suit and then sue the United States on the contract of indemnity; and, had it done so, the suit would have been unnecessary. Nevertheless Agwilines would have had to incur the disbursements on appeal and could have taxed them against the libellant. Agwilines had the privilege of impleading the United States, and should not suffer because it did so. If, as seems likely, it will prove impossible to allocate any ascertainable part of the costs and disbursements of the United States to Agwilines's claim against it as tort feasor, they will all be assessed against the libellant.